UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

-------------------------------------------------------------x
GILDA KOHAN, *an individual,*

    Plaintiff,　　　　　　　　　　　　　　　　CASE NO.:

v.

SOKOLOV, LTD. d/b/a BEST WESTERN
ATLANTIC BEACH, a Florida corporation,

    Defendant.
-------------------------------------------------------------x

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, GILDA KOHAN ("Plaintiff" or Mrs. Kohan"), by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations and governing legal authorities, hereby files this Complaint and sues SOKOLOV, LTD. d/b/a BEST WESTERN ATLANTIC BEACH, a Florida corporation ("Defendant") for injunctive relief, attorneys' fees, and costs, including but not limited to disbursements, court expenses and fees, pursuant to 42 U.S.C. § 12181 *et seq.* (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and reserves the right to amend to assert claims for violation of Chapter 11a of the Miami-Dade County Code, when such claims become ripe for adjudication herein, and alleges:

### JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343.

2. Venue is proper and lies in this Court pursuant to 28 U.S.C. §1391 (B) in that the transaction or occurrence giving rise to this lawsuit occurred in this District.

## THE PARTIES

3. At all times material hereto, Plaintiff, GILDA KOHAN, was and is over the age of 18 years, *sui juris*, and a resident of Nassau County, New York, with a second residence in Miami-Dade County, Florida. Plaintiff travels frequently to her home in Miami Beach, Florida.

4. Mrs. Kohan has at all material times suffered from a "qualified disability" as defined pursuant to Title III under the ADA; Plaintiff suffers from a form of adult-onset muscular dystrophy known as GNE myopathy, which requires her to utilize a wheelchair for mobility of all day-to-day activities.

5. The Defendant, SOKOLOV, LTD. d/b/a BEST WESTERN ATLANTIC BEACH, a Florida corporation ("Defendant") is authorized to conduct, and is conducting business within Miami-Dade County, Florida.

6. Upon information and belief, Defendant is the lessee and/or operator of the real property at issue in this case, known as the Best Western Atlantic Beach Resort, located at 4101 Collins Ave, Miami Beach, FL 33140 (hereinafter and heretofore referred to as the "Subject Facility").

7. The Subject Facility is a place of "public accommodation" as that term is defined under the ADA; specifically, the Subject Facility is operated as a hotel.

8. Plaintiff owns a one-bedroom apartment in Miami Beach, Florida, in proximity (close walking distance) to the Subject Property. When Plaintiff travels to Miami Beach, she is accompanied by her aide. The Subject Property is in a perfect location for her aide to lodge. Plaintiff can easily travel in her wheelchair between her apartment and the Subject Property when her aide is staying there.

9. Plaintiff therefore reserved a room for her aide, and on November 19, 2023, traveled with her aide to check into the room. On arrival, Plaintiff found that there was a flight of stairs to enter the Subject Property. There was a wheelchair lift, but it was broken. A phone number was provided for disabled assistance. Plaintiff called that number and asked for help to enter the building. After a protracted wait, no one came. Plaintiff made further calls to the same number, but no one answered.

10. Plaintiff and her aid eventually saw a hotel worker and asked for help. Plaintiff was lead around the rear of the hotel to a service entrance labeled "authorized personnel only" that was locked and required a code to enter. Even if Plaintiff could have found her way to this door – which on its face states that it is not for public use – the door was locked.

11. As such, at the time of her visit, and any time when the lift is not operational, there is no way for Plaintiff (or any other disabled person) to enter the hotel. Because of this situation, Plaintiff was unable to make any trips to see her aide at the hotel, because she knew that there was no independent way to access the Subject Property, and that calls for assistance would not be responded to.

12. Plaintiff desires to reserve a room at the Subject Property in the future for her aide, and will come with her aide to check in, and to provide payment, and will go back and forth between her apartment and the Subject Property while her aide is staying there, but cannot safely and assuredly do so in the manner permitted and required by law unless (a) the Subject Property is legally required to maintain its wheelchair lift in good operational order; and (b) in the event the lift is out of order and cannot be promptly repaired, that the Subject Property institute effective policies and procedures for independent ingress and egress of the disabled, including

but not limited to a call-in number that is always promptly answered by a trained employee who provides prompt assistance.

13. Venue is proper in the Southern District of Florida because the Defendant's acts of discrimination occurred, and the Subject Facility is located, in this District.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

14. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

15. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

16. Congress specifically found, *inter alia*, that:[1]

    i. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    ii. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    iii. Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities;

    iv. Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation,

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).

   communication, recreation, institutionalization, health services, voting, and access to public services; and,

 v. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

17. Congress explicitly set forth the purpose of the ADA; to wit:[2]

 i. Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

 ii. Provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

 iii. Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

18. The congressional legislation provided commercial enterprises with a period of one and a half years from the enactment of the statute to implement the requirements imposed under the ADA.

19. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[3]

20. Pursuant to 42 U.S.C. §1281(7) and 28 C.F.R. §36.104, the Subject Facility, which is subject to this action is a public accommodation because it provides good and services to the public.

---

[2] 42 U.S.C. § 12101(b) (1)(2) and (4).
[3] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

DocuSign Envelope ID: 7ABE5FB1-DE40-4E04-936B-D743119786F9
Case 1:24-cv-20110-CMA Document 1 Entered on FLSD Docket 01/11/2024 Page 6 of 10

21. Upon information and belief, the Subject Facility has begun operations, and/or has undergone substantial remodeling, repairs and/or alterations since January 26, 1992, and/or has sufficient income to make readily achievable accessibility modifications.

22. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA (the "ADAAG").[4]

23. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[5]

24. Plaintiff uses a wheelchair for mobility and the Subject Property's entrance has a flight of steps and upon her visit, there was no reasonable or legally sufficient method for ingress or egress by wheelchair, in violation of the ADA and ADAAG, as described more fully above.

25. The Subject Facility is legally required to be, ***but is not***, in compliance with the ADA and/or ADAAG.

26. The Subject Facility is in violation under the ADA, 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et. seq.* in that the Defendant is discriminating against the Plaintiff, for failure to ensure required ingress and egress to the Subject Property, and in the absence thereof (such as happened on Plaintiff's visit), to institute and enforce necessary and appropriate policies and procedures such that the disabled (including Plaintiff) can reliably can entry to the Subject Property even in the absence of a working wheelchair lift.

27. Upon information and belief, a full inspection of the Subject Facility will reveal the existence of other barriers to access.

---

[4] 28 C.F.R. Part 36.
[5] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

28. As required under the ADA, Plaintiff requires a full inspection of the Subject Facility to determine and have remedied all violations under the ADA. Notice is hereby given that Plaintiff intends to amend the Complaint, if necessary, to include any and all new violations discovered during an inspection and that are not contained in the Complaint.

29. Remediating the ADA and/or ADAAG violations set forth herein is technically feasible, readily achievable, not unduly burdensome, and will not alter the goods or services provided to other patrons.

30. Plaintiff intends to visit the Subject Facility again in the future (immediately upon Subject compliance with an Order of this Court requiring that Defendant remedy the subject ADA violations) in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Subject Facility; however, in light of her disability, unless and until the Subject Facility is brought into compliance with the ADA, Plaintiff will remain unable to fully, properly, and safely access the Subject Facility, and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

31. As a result of the foregoing, Defendant has discriminated against, and continues to discriminate against the Plaintiff, and others similarly situated, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Facility. Defendant's discrimination is specifically prohibited by 42 U.S.C. § 12182, *et seq*.

32. Moreover, Defendant will continue to discriminate against Plaintiff, and others similarly situated, until it is compelled by this Court to remove all physical barriers upon the Subject Facility, which violate the ADA and/or ADAAG, including but not limited to those specifically

7

set forth herein, and to make the Subject Facility, accessible to and usable by persons with disabilities, including Plaintiff.

33. Plaintiff is without adequate remedy at law, and is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA and/or ADAAG violations that exist upon the Subject Facility, including but not limited to those set forth herein.

34. This Court is vested with authority to grant injunctive relief sought by Plaintiff herein, including entry of an order requiring alteration and modification of the Subject Facility, so as to make it readily accessible to and useable by individuals with disabilities, including but not limited to Plaintiff to the extent required by ADA and/or ADAAG.

35. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorneys' fees, costs, and litigation expenses, all of which are recoverable against the Defendant.[6]

### INJUNCTIVE RELIEF

36. Pursuant to 42 U.S.C. § 12188, this Honorable Court is vested with the authority to grant injunctive relief in favor of the Plaintiff, including but not limited to the issuance of an Order to alter the Subject Facility so that it is made readily accessible to, and useable by, all individuals with disabilities, including Plaintiff, as required pursuant to the ADA, and closing the facilities until the requisite modifications are complete.

37. Therefore, injunctive relief is necessary to order Defendant to alter and modify its place of public accommodation, its policies, business practices, operations and procedures.

---

[6] 42 U.S.C. §§ 12205, 12117

38. Injunctive relief is also necessary to make the Subject Facility readily accessible and useable by Plaintiff in accordance with the ADA.

**WHEREFORE**, Plaintiff hereby demands judgment against the Defendant, and requests the following injunctive and declaratory relief:

a) A declaration that the Subject Facility is owned, leased, operated, controlled and/or administered by Defendant is in violation of the ADA;

b) An Order requiring Defendant to evaluate and neutralize its policies, practices and procedures towards individuals with disabilities, for such reasonable time to allow the Defendant to undertake and complete corrective procedures to the Subject Facility;

c) An Order requiring Defendant undertake and complete a program of corrective remodeling, reconstruction, institution of policies and procedures, and other such actions as may be necessary, to remediate and eliminate all ADA and ADAAG violations found at trial to be present upon the Subject Facility;

d) An Order requiring Defendant to alter its facilities and amenities to make them accessible to and useable by individuals with disabilities as required pursuant to Title III of the ADA and the ADAAG (including but not limited to institution of appropriate policies and procedures);

e) Requiring that the Subject Facility be closed to the general public until such time as it complies with all ADA and ADAAG, requirements, including but not limited to complete remediation of physical barriers to access on the Subject Facility and institution of appropriate policies and procedures;

f) An Order issuing a permanent injunction ordering Defendant to close the Subject Facility and cease all business until Defendant removes all violations under the ADA, including but not limited to the violations set forth herein;

g) Find that Plaintiff is a prevailing party and award reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff, and award such pursuant to the ADA;

h) For such other and further relief that this Court deems just, necessary and proper.

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
5550 Glades Road, Suite 500
Boca Raton, FL 33431
PH: (954) 745-0588

By: */s/ Nolan Klein*
NOLAN KLEIN, ESQ.
Florida Bar No. 647977
klein@nklegal.com
amy@nklegal.com

### **VERIFICATION**

GILDA KOHAN, hereby verifies and says that I am the Plaintiff in the above-captioned case. I have reviewed the allegation and they are true and correct to the best of my knowledge, information, and belief.

Dated:

DocuSigned by:
Gilda Kohan
5E1A2E7930B244D...
1/10/2024